```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
_____
                                     )
CESAR AUGUSTO RAMOS PAUL,            )
                                     )
               Petitioner,           )
                                     )
v.                                   )
                                     )     Civil Action
ANTONE MONIZ, Superintendent,        )     No. 25-cv-13879-PBS
Plymouth County Correctional         )
Facility, et al.,                    )
                                     )
               Respondents.          )
_____)
```

## ORDER

December 18, 2025

Saris, J.

Petitioner Cesar Augusto Ramos Paul ("Petitioner"), a citizen of Guatemala, brings this habeas petition under 28 U.S.C. § 2241 to challenge his immigration detention without a bond hearing. Petitioner entered the United States without inspection in or around December 2017. On December 17, 2025, U.S. Immigration and Customs Enforcement detained Petitioner when he was exiting a state court hearing.

The parties disagree as to whether Petitioner is subject to discretionary detention with the right to a bond hearing under 8 U.S.C. § 1226(a) or mandatory detention without a bond hearing under 8 U.S.C. § 1225(b). In the government's view, § 1225(b) governs Petitioner's detention because, although he was detained

1

while residing in the United States, he was never admitted to the country and remains an "applicant for admission." The Court recently rejected this argument about the scope of § 1225(b) in Guerrero Orellana v. Moniz, __ F. Supp. 3d __ (D. Mass. 2025) [2025 WL 2809996]. The government concedes that "[s]hould the Court follow its reasoning in Guerrero Orellana, it would reach the same result" in this case. Dkt. 7 at 1. The Court sees no reason to deviate from its prior ruling on this issue. Given the government's concession and for the reasons stated in Guerrero Orellana, the Court concludes that Petitioner is subject to discretionary detention under § 1226(a) and may seek release from custody at a bond hearing in immigration court.

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** that the government release Petitioner unless he is provided with a bond hearing that complies with the standards outlined in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), no later than December 24, 2025.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge